# UNITED STATES DISTRICT COURT
## FOR THE
# DISTRICT OF COLUMBIA

U.S. ORDNANCE, INCORPORATED
2500 Valley Road, Unit Z
Reno, NV 89512

                          Plaintiff,

                  v.

U.S. DEPARTMENT OF STATE
2201 C Street, N.W.
Washington, D.C. 20520

                and

JOHN HILLEN,
Assistant Secretary of State for Political - Military Affairs
2401 E Street, N.W.
Washington, D.C. 20037

                and

ROSE M. LIKENS,
Assistant Secretary of State (Acting) for Political - Military Affairs
2401 E Street, N.W.
Washington, D.C. 20037

                and

DAVID TRIMBLE,
DIRECTOR, OFFICE OF DEFENSE TRADE CONTROLS,
2401 E Street, N.W.
Washington, D.C. 20037

                and

OTHER UNKNOWN EMPLOYEES OF THE U.S. DEPARTMENT OF STATE.

                          Defendants.

Civil Case №.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I. **INTRODUCTION**

1. This is an action under against the United States arising under the Constitution and laws of the United States, under the Administrative Procedures Act (APA) 5 U.S.C. §702 and 706 and under 28 U.S.C. §2201.  Plaintiff seeks injunctive and declaratory relief enjoining the defendants from withholding processing of export licenses for its M60 machine guns.  Plaintiff has been trying to obtain license approval to various customers overseas and the agency has refused to process any licenses as they are required to do under the International Traffic in Arms Regulations 22 C.F.R. §§120 et seq.

II. **JURISDICTION AND VENUE**

2. This Court has both personal jurisdiction over the parties and subject matter jurisdiction over this action based on 28 U.S.Code §§1331, 1361, 1391 2201 and 5 U.S.Code §702 and 706 in that it is a civil action arising under the laws of the United Sates and the Fifth Amendment to the Constitution of the United States.  It is a civil action to compel officers or employees of a United States agency within the Executive Branch of Government to perform a duty owed to the Plaintiff.  Plaintiff seeks to compel the performance of a ministerial duty of a nondiscretionary nature.  Venue is based on 28

U.S.C. §1391(e) in that the District of Columbia is the district were the omissions occurred.

### III.    THE PARTIES

3. . Plaintiff is U.S. ORDNANCE, INCORPORATED (hereafter the COMPANY) which is closely held and was incorporated in 1997 under the laws of the State of Nevada to manufacture and otherwise acquire goods to sell for profit. The Company's marquee product is all series and configurations of the M60 machinegun as well as parts and accessories for repair and replacement. The receipt, manufacture, possession, transfer, and transport of machineguns is pervasively regulated at the federal, state, county and municipal levels of government. The commercial market for the M60 is limited to sales to law enforcement, government and allied foreign nations for use by their armed forces and police. Before commencing business, the Company complied with all federal, state and local licensing requirements to engage in the manufacture of machineguns[1]. The Company is current with its registration status and has operated its business in full compliance with all other federal, state and local laws and regulations impacting all tasks associated with its business operations. Curtis Lee Debord is the sole owner of the COMPANY'S share of stock; he was the Incorporator and is the President. Pursuant to Nevada law, Mr. Debord occupies the office of director and all other officer

---

[1] Under the AECA, manufacturers and exporters of defense articles must register with State and pay the associated registration fee of $1,750.00 per year.

positions.

4. The Directorate of Defense Trade Controls (DDTC) is an organizational component of the U.S. Department of State which is part of the Executive Branch of the United States Government which has been delegated authority to regulate arms exports. The DDTC administers a licensing system established by the Arms Export Control Act (AECA) and its implementing regulations. The International Traffic in Arms Regulations (ITAR) implement the AECA. Defendant DAVID TRIMBLE (TRIMBLE) is the Director of DDTC's Compliance Component, responsible for, among other duties, approving or denying applications to export defense articles. TRIMBLE and has been so employed at all times relevant to this Complaint. DDTC is a subordinate organizational component of the Bureau of Political - Military Affairs. Defendant JOHN HILLEN has been the Assistant Secretary for Political - Military Affairs since October 11, 2005. Defendant ROSE M. LIKINS, was the Assistant Secretary for Political - Military Affairs for part of the time relevant to this Complaint. The U.S. DEPARTMENT OF STATE is a Department within the Executive Branch of the United States which is charged with enforcement and ensuring compliance with the United States laws relating to the import and export of U.S. defense articles.

**IV.    SUMMARY OF THE CASE**

5. This is an action for declaratory and injunctive relief, pursuant to 5 U.S.Code §§702 and 706 and Federal Rules of Civil Procedure (F.R.Civ.P.) 65(a) to return Plaintiff's status of good standing as a Registered Exporter of Defense Articles, the status it held prior to June 2004. This is also an action for a declaratory judgment, pursuant to 28 U.S.C. § 2201 and F.R.Civ.P. 57 for the purpose of determining a federal question of actual controversy between the parties to declare the plaintiff as eligible to ship its products overseas.

6. Plaintiff, U.S. Ordnance, Incorporated has been wronged by the unlawful actions of the Department of State in its administration of the Arms Export Control Act, Title 22, Chapter 39 of the United States Code. Specifically, the Directorate of Defense Trade Controls (hereafter DTC), a subordinate unit within the Bureau of Political and Military Affairs of the State Department is excluding U.S. Ordnance from participating in the export of defense articles. DTC, through its action, has created a condition which constitutes an adjudication of status under law. U.S. Ordnance is licensed and has been in full compliance with federal and state law to manufacture and deal in firearms, including machineguns. U.S. Ordnance has annually filed a required registration form with DTC and has done so for all years relevant to this pleading. As a registrant, U.S. Ordnance is authorized to apply for licenses to export and import defense articles and has done so. of This is an application for the issuance of a preliminary injunction, pursuant to Rule 65(a) F.RulesCiv.P., to effect these remedies:

- an Order directing employees of the Defense Trade Controls to process all transaction applications received from U.S. Ordnance subsequent to June 2004; that is, to approve or deny each one applying the same standards which are applied to applications submitted by other registered importers and exporters;

- An Order declaring that U.S. Ordnance, Inc. is in full compliance with the International Traffic in Arms Regulations

V.   **DEFENDANT'S VIOLATIONS OF THE APA AND ITAR.**

The defendants have violated the Administrative Procedures Act and the International Traffic in Arms Regulations in the following ways:

1.  The defendants have failed to approve transaction applications submitted by the plaintiff as required by the ITAR.

2.  The defendants have effectively debarred the plaintiff from exporting its products in violation of the APA and the ITAR without a hearing.

3.  The defendants have failed to follow the requirements of the ITAR in instituting debarment proceedings against the plaintiff.

VI.   **PRAYER FOR RELIEF.**

WHEREFORE, plaintiff prays that this Court:

1.  Declare that defendant's failure to process transaction

applications is unlawful.

    2. Order the defendant's to comply with the ITAR and approve all pending transaction applications.

    3. Declare that the Plaintiff is in full compliance with the ITAR.

    4. Award plaintiff costs and reasonable attorneys fees incurred in this action.

    5. Award such other relief that the Court deems just and proper.

Respectfully submitted,

_____
Joseph R. Conte, Bar No. 366827
400 Seventh St., N.W., #400
Washington, D.C. 20004
202.638.4100


Robert E. Sanders
P.O. Box 25385
Winston-Salem, N.C. 27114
336.659.2999