# UNITED STATES DISTRICT COURT
### FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ORDNANCE, INCORPORATED<br><br>                            Plaintiff,<br><br>            v.<br><br>U.S. DEPARTMENT OF STATE,<br>*et al.*,<br>                            Defendants. | Case No. 1:05-CV-02304(ESH) |

**PLAINTIFF'S MOTION IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

COMES NOW, Plaintiff, U.S. Ordnance, Inc., by and through counsel, and respectfully moves the Court for an Order denying Defendants' motion to extend the due date for dispositive motions until February 24, 2006 and amending the briefing schedule as set forth below. As grounds for this motion, Plaintiff avers: the Defendants, having entered an appearance are now in default, having failed to answer the complaint or file a dispositive motion within the time set by the Court, February 3, 2006 and Plaintiff has been prejudiced by Defendants' failure to meet the deadline. On January 30, 2006, Defendants filed a motion for enlargement of time, to February 24, 2006, within which to file a dispositive motion. Plaintiff respectfully opposes the Defendants' request and proposes a new briefing schedule. Plaintiff requests that an extension of time not to exceed February 17, 2006 will provide the Government ample time to file its dispositive motion. Further, to avoid further prejudice to Plaintiff by further delay, Plaintiff

requests a revised date of February 24 for Plaintiff's Opposition and a revised date of March 3, 2006 for Defendants' Reply.[1]

## PROCEDURAL HISTORY

1. Defendants' dispositive motions were due on February 3, 2006. In a December 9, 2005 conference call, a due date for dispositive motions was set for January 18, 2006. Plaintiff initiated contact with AUSA Mussenden during the week of December 16, 2005 to ascertain the possibility of a negotiated settlement. It was learned that Mr. Mussenden was preparing for a trial and unable to meet or discuss settlement until its completion.

2. On December 21, 2005, Defendant David Trimble, Director of Defense Trade Controls, U.S. Department of State, faxed a letter directly to Curtis L. Debord, Jr., President of U.S. Ordnance.[2] Mr. Trimble did not provide a copy of the letter to Plaintiff's Counsel. In the letter, Mr. Trimble demanded of Mr. Debord, 1) confirmation, prior to January 15, 2006 of the status of proceedings to date; and, 2) preparation of a response to a "revised draft of a proposed charging letter." The letter also informs Mr. Debord that failure to timely respond to the demands will be construed as an indication that U.S. Ordnance does not seek administrative settlement. The fax was received by Mr. Debord on December 26, 2005 and Counsel for U.S. Ordnance was provided with a copy.

3. On December 27, 2005, Counsel notified Mr. Mussenden of the letter and that U.S. Ordnance, Mr. Debord and Counsel would not be responding directly to Mr. Trimble, a

---

[1] Due to the exigencies being suffered by U.S. Ordnance counsel for U.S. Ordnance believes they can respond to the Government's dispositive motion in one week. Counsel believes that they should only be given one week to respond.

[2] On December 20, 2005, Mr. Trimble received service of summons.

represented party, but that U.S. Ordnance is interested in pursuing a just settlement through him as per our prior discussions.

    4. On January 15, 2006, Plaintiff was contacted by Mr. Mussenden, requesting consent for an extension of time to file dispositive motions for the purpose of settlement of this matter without further litigation.  Plaintiff consented and the Court reset the deadline for a dispositive motion .  During this conversation, Mr. Mussenden requested a letter setting forth the negotiating positions of Plaintiff.  Such letter was sent on the following business day.  Counsel received no response to or reaction from Mr. Mussenden.

    5. Nothing further was heard from the Government until receipt of an email message from Mr. Mussenden on January 24 requesting an extension of time for dispositive motions until March 10, 2006 and requesting that Plaintiffs email a response to Deputy Chief Doris Coles.  In the same email message, Mr. Mussenden informed Counsel that, "although formal settlement negotiations as contemplated will be postponed this does not prevent USO (U.S. Ordnance, Inc.) From participating in the administrative proceedings by responding to the draft charging letter and moving forward with pursuing a resolution by consent agreement under the ITAR.  We would encourage USO to do so with the time available before my return to the office." Counsel informed Deputy Chief Coles via letter dated January 25, 2006 of Plaintiff's opposition to any further extensions and informing her of Counsel's position that any and all settlement discussions should be held under the direction of the United States Attorney.

    6. On January 30, 2006, a motion was filed on behalf of the Defendants by a substitute Counsel, AUSA John F. Henault, for an extension of the deadline until February 24, 2006.

    7. On February 3, 2006, counsel for the plaintiff responded to the December 21, 2005,

letter from defendant David Trimble.[3]

## RULE 55.  DEFAULT

7.  Rule 55(b)(2) provides that a party against whom judgment by default is sought has entered an appearance, the party's representative shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.  If it is necessary to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper.

8.  Rule 55(e) provides that no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

9.  Although the Defendants' default is largely technical, Plaintiff will be prejudiced by Defendants' delay in responding.  In deciding upon the appropriateness of a default judgment look at the magnitude of a default judgment, "when the adversary process has been halted because of an essentially unresponsive party, ... the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."  Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980).  In this case, the magnitude of a default judgment would not be great, it would serve only to concede the factual allegations in the complaint.  However, Defendants have shown good cause for an extension but the extension can be mitigated by truncating the schedule so that the net effect would be reasonable.

---

[3] Since Mr. Trimble and the Directorate of Defense Trade Controls are defendants in this matter undersigned counsel believe that they should be dealing only with the U.S. Attorneys in this matter since they are counsel.  Nonetheless counsel responded to this letter at the request of both AUSA Mussenden and Henault.

## PREJUDICE TO PLAINTIFF

10. Plaintiff has been under an unlawful *de facto* debarment since on or about May, 2005. Plaintiff was thus barred from entering contracts with foreign governments for the sale of its products in fiscal year 2005. The budgeting and fiscal accounting practices of foreign governments generally track U.S. appropriations practices and procedures in that moneys appropriated for a fiscal year must be spent during the fiscal year or there is risk that it will be lost. Plaintiff's large customers seeking to order products for delivery in 2006. Licensing takes approximately six months and delays beyond March would mean that orders would not ship until 2007. This further compounds the losses incurred in 2005.

## CONCLUSION

11. WHEREFORE, for the reasons outlined above and for others known to the Court, Plaintiff requests a revised briefing schedule as follows:

- Due date for Defendants' Dispositive Motion(s):   February 17, 2006
- Due date for Plaintiff's Opposition              February 24, 2006
- Due date for Defendants' Reply                   March 3, 2006

February 7, 2006                                   Respectfully submitted,

_____/s/_____
Joseph R. Conte

## CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy o f the foregoing was served upon counsel for the defendant by the electronic Case Filing System this 7th day of February, 2006.

_____
Joseph R. Conte