

**United States Department of State**

*Bureau of Political-Military Affairs*
*Directorate of Defense Trade Controls*

Washington, D.C. 20522-0112

JUN 24 2004

**In Reply Refer To:**
**DTC Case No. RR 04-118**

Mr. Curtis Debord, Jr.
President
U.S. Ordnance, Inc.
2500 Valley Road Unit Z
Reno, Nevada 89512
DTC Code: 14291

Reference: My letter of June 2, 2004

Dear Mr. Debord:

In Deborah Carroll's June 2, 2004 letter to you, this office directed that you make a full disclosure concerning the relationship of Mr. Curtis Debord, Sr. to U.S. Ordnance, including but not limited to any involvement by him in export-related activities regulated by the Arms Export Control Act (AECA) and the International Traffic in Arms Regulations (ITAR). As you are aware, since August 1997, Mr. Debord, Sr. has been generally ineligible to participate in export activities as a consequence of having been indicted for violating and conspiring to violate the AECA (see Section 120.1(c) and (d) of the ITAR).

Subsequent to that letter, your attorney, Mr. Mark Barnes, contacted the Directorate of Defense Trade Controls (DDTC) seeking confirmation that U.S. Ordnance could use previously approved licenses or authorizations. Based on Mr. Barnes' contacts with DDTC, it appeared that U.S. Ordnance had completed the review required for the disclosure sought by Ms. Carroll's letter and had concluded that activities of Mr. Debord, Sr. were unrelated to those previously approved licenses.

We are now in receipt of your letter of June 21, 2004. It fails to address adequately our concerns about Mr. Debord, Sr.'s activities involving exports that are subject to licenses and other authorizations previously issued to U.S. Ordnance. Moreover, the information in your letter indicates that, from 2000 to very recently, Mr. Debord, Sr. was employed by U.S. Ordnance to serve as the Manager for sales and marketing and was actively involved in U.S. Ordnance's export activities with respect to defense articles. His activities may have resulted in applications and approvals of export licenses and these applications may have failed to disclose that an ineligible person (i.e., Mr. Debord, Sr.)

-2-

was a senior official, had a direct or indirect interest in the transactions, and might have obtained a benefit therefrom (*see* Sections 126.13(a) and 127.1(c) of the ITAR).

Accordingly, this constitutes our second request that U.S. Ordnance provide full and complete details of Mr. Debord's activities, both in his capacity as the Manager and otherwise, with respect to U.S. Ordnance, including by identifying all of the actual and proposed exports of defense articles that were associated in any way with his work. The dates and numbers of the relevant license applications and authorizations should be specified and copies provided.

In addition, in view of the foregoing, and pursuant to Section 38 of the AECA and Section 126.7(a) of the ITAR, this office is hereby **suspending** all licenses and authorizations previously issued to U.S. Ordnance. Upon receipt and review of the requested information, we will consider whether it is appropriate to lift this suspension. The transaction exception procedure noted in Ms. Carroll's letter that is applicable to applications for new licenses by U.S. Ordnance will also be applicable to the suspended licenses.

If you have any questions, you may contact Deborah Carroll at (202) 663-2809 or Peter Sullivan (202) 663-2831.

Sincerely,

David C. Trimble
Director
Office Defense Trade Controls Compliance