

**United States Department of State**

*Bureau of Political-Military Affairs*
*Directorate of Defense Trade Controls*

Washington, D.C. 20520-0112

In Reply Refer To:
DTC Case Nos. RR 04-118 & TE 04-010

JUL - 9 2004

Mr. Curtis Debord, Jr.
President
**U.S. Ordnance, Inc.**
2500 Valley Road Unit Z
Reno, Nevada 89512
**DTC Code: 14291**

Reference: Your Letter of July 1, 2004

Dear Mr. Debord:

We are in receipt of your letter of July 1, 2004, transmitted under cover of a July 2, 2004 memorandum from your attorney, Mr. Mark Barnes. Although both Mr. Barnes' cover memorandum and your letter contain certain representations regarding the three licenses for which U.S. Ordnance (USO) seeks transaction exceptions (TE), namely DDTC license applications 906696, 915794 and 910742, neither offers adequate explanation or substantiation for these representations. In addition, the information contained in this correspondence is not sufficient for DDTC to consider adequately your TE requests with regard to these applications. The attachment identifies those and other matters that USO should address in a supplemental submission in order for DDTC to consider your TE requests.

While the information sought in the supplemental submission is pertinent primarily to the pending TE requests, we strongly urge USO to provide as soon as possible the fuller disclosure seeks concerning all of Mr. Debord, Sr.'s activities (see my letter of June 2, 2004 and Mr. Trimble's letter of June 24, 2004), as well as the failure to report fees and other compensation as required by Part 130 of the International Traffic in Arms Regulations. It is likely that decision makers will want to have the full record available for their consideration before making a determination on the TE requests.

If you have any questions, please contact Deborah Carroll at (202) 663-2809 or Peter Sullivan at (202) 663-2831.

Sincerely,

*Susan M. Clark for*
David C. Trimble
Director
Office Defense Trade Controls Compliance

## Information Required But Not Provided by U.S. Ordnance's July 1, 2004 Submission

USO's July 1, 2004 submission was transmitted under cover of a memorandum of July 2, 2004, from USO's Attorney Mark Barnes. Mr. Barnes' memorandum says the attached disclosures by USO state that the three license applications subject to TE request (906696, 915794 and 910747 [the latter is an apparent typo and probably intended to refer to 910742] are "'routine reorders" for USO" and that Mr. Debord, Sr., "in his capacity as Sales and Marketing Manager, 'had no involvement' in this order and the only knowledge Mr. Debord, Sr., has regarding the transaction was that the reorder was made," and 'no payment will be made to Mr. Debord, Sr." as a result of these transactions.

These conclusory representations are included in the attachment to Mr. Barnes' memorandum containing statements by Mr. Debord, Jr., on behalf of USO, but Mr. Debord, Jr. did not offer adequate explanation or substantiation for these representations.

With regard to the representations referenced above, USO should provide the following information:

- USO should address the basis of the characterizations of the substantial orders (worth over $3.6 million) subject to the TE requests as "routine reorders," and the role Mr. Debord, Sr. played in the earlier orders obtained from Columbian government and compensation he earned related to that work.

- All relevant information should be provided, including but not limited to the dates and nature of the activities by Mr. Debord, Sr., on trips to Columbia, (note the identities and affiliations of the persons with whom he met); the dates and nature of other communications by Mr. Debord, Sr. with respect to Columbia; the specific sales of defense articles by USO to Columbia and license requests that followed Mr. Debord, Sr.'s efforts; the details of any other activities by Mr. Debord in connection with such sales and export license requests; and the extent to which such sales were reflected in commission compensation he earned (whether or not payment was deferred).

  Please note that this is the level of detail that should also be provided in response to our broader request for the full disclosure of Mr. Debord, Sr.'s activities relating to sales and marketing of defense articles to customer other than Columbia.

- Since the contracts to which the three TE requests related were entered in 2003, while Mr. Debord, Sr. was still employed by USO, there is a question as to whether Mr. Debord, Sr. has voluntarily relinquished any claim of compensation and, if so, whether and how this is this documented. Also, USO should clarify

how "gross sales" was interpreted in determining Mr. Debord, Sr.'s annual commission compensation (i.e., whether his entitlement was upon entering a contract for sale or upon actual receipt of contract payments).

As to the disclosure concerning the omission of ITAR Part 130 fees and other compensations paid or payable to Mr. Vega Leon, d/b/a Sistemas y Equipos (SYE), please provide a complete copy of the agreement reference in Attachment A to Mr. Debord, Jr.'s letter of July 1, 2004.

We have noted previous USO license requests that identified SYE as a "foreign intermediate consignee." Please explain the role Mr. Vega Leon and SYE played and compensation received in those transactions and how it compares with the role in the three transactions subject to TE requests.

We understand that USO will be submitting a fuller disclosure concerning violations of Part 130 of the ITAR that may have occurred in transactions other than those covered by the pending TE requests. This further submission should address USO's policy and practice concerning retaining the services of persons engaged in brokering activities who are not registered pursuant to Part 129 of the ITAR. In this connection, we have no record that either Mr. Vega Leon or SYE have registered under Part 129.

We have noted that, on its website, USO states that it provides training, including a Machine Gun Operators Course and a M60 Armorer Course. The website also states that USO partners with Special Tactical Services. These courses, if provided to foreign persons abroad or in the United States would appear to come within the definition of "defense service" in Section 120.9 of the ITAR and to be subject to the requirements for approval in Part 124 of the ITAR. Please provide details of any training provided during the past five years to foreign persons concerning (A) the assembly, testing repair, maintenance modification, operation, and use of defense articles and (B) military training of foreign units, regulator and irregular. Details should include, e.g., dates, nature and location of service, identities of persons trained including nationality and affiliation with foreign military organization) and whether Mr. Debord Sr. participated in any way in providing such training or in obtaining contracts for such training. Also, cite relevant ITAR approvals/authorizations, if any.