

**United States Department of State**

*Bureau of Political-Military Affairs*
*Directorate of Defense Trade Controls*

*Washington, D.C. 20520-0112*

JUL -9 2004

**In Reply Refer To:**
**DTC Case Nos. RR 04-118**

Mr. Curtis L. Debord, Sr.
12301 Interstate 80 E
Sparks, NV 89434

Dear Mr. Debord:

It has come to our attention that, while you were under indictment based on charges that you violated and conspired to violate the Arms Export Control Act (AECA), you were employed as a senior official of U.S. Ordnance, Inc. (USO), a company engaged in the manufacture and export of defense articles and registered with the Directorate of Defense Trade Controls (DDTC) under the AECA and its implementing regulations, the International Traffic in Arms Regulations (ITAR). It appears that as part of your duties you were engaged in export-related activities (including sales and marketing) that led to sales contracts, export license applications and exports of defense articles. Furthermore, your involvement in such activities may have compliance implications under the AECA and ITAR.

Since your indictment in August 1997, you have been generally ineligible to participate in export activities regulated by the AECA and ITAR (see Section 120.1(c) of the ITAR). In this connection, it is the policy of the Department of State to deny any request for an export license if an ineligible person is directly or indirectly involved in the export.

The ineligibility status of a senior official of a firm registered with DDTC must be disclosed in the registration statement and in any export application (see Sections 122.2(b), 122.4(a) and 126.13(a)(1) of the ITAR). Neither USO nor you made such disclosures during the time of your association with that firm.

Also, under Section 127.1(c) of the ITAR, any person who knows that another person is subject to such an indictment may not -- without disclosure to and approval from DDTC -- participate in any transaction that may involve a defense article or defense service for which a license is required where such indicted person may obtain any benefit therefrom or have a direct or indirect interest therein. Our understanding is that you derived substantial compensation from your selling defense articles to foreign persons while associated with USO. Neither USO nor you made the disclosures or sought the approval

required by Section 127.1(c) in connection with any requests for licenses for export of defense articles during the time of your association with that firm.

We consider this a serious matter and hereby direct you to cease and desist from engaging in any activities regulated by the AECA and ITAR without fully complying with all provisions of the law and regulations. We also ask that you make a full disclosure of all of your activities relating in any way to the proposed or future export and any export since August 1997 of defense articles and defense services (including but not limited to sales and marketing, management, preparation of export documentation) whether conducted on behalf of USO or any other entity or individual. Thus, your submission should cover the period from the date of your indictment to the present and include all relevant details (e.g., dates, nature of dealings with specific foreign customers abroad and in the U.S., sales generated as a result of your activities, export license applications related to such sales, and compensation).

It is requested that you make your submission by August 13, 2004.

If you have any questions, you may contact Deborah Carroll at (202) 663-2809 or Peter Sullivan at (202) 663-2831.

Sincerely,

*Susan M. Clark for*

David C. Trimble
Director
Office Defense Trade Controls Compliance