# Law Offices of Joseph R. Conte, P.L.L.C.
400 Seventh Street, N.W. Suite 400
Washington, D.C. 20004-2206
202.638.4100
Fax: 202.628.0249
email: jrc1113@msn.com

February 3, 2006

**VIA CERTIFIED MAIL #7000 0600 0024 0335 4042**

Mr. David C. Trimble
Office of Defense Trade Controls Compliance
Bureau of Political-Military Affairs
U.S. Department of State
Washington, D.C. 20520-0112

      Re:   *U.S. Ordnance, Inc.*
            *DTC Case Nos. 04-118 and TE 06-005*

Dear Trimble:

      This letter is in response to your letter of October 26, 2005, which accompanied a "Draft Charging Letter" and your letter of December 27, 2005.

      As a threshold matter we are responding to these letters at the suggestions of Mr. Paul A. Mussenden and John F. Henault from the U.S. Attorney's Office. As you are aware we filed suit in this matter on November 29, 2005, and we believe we should only be dealing with that office while the case is pending. Nonetheless, since both U.S. Attorneys have suggested that we respond we are doing so with a copy to that office.[1]

      The draft charging letter is addressed to Mr. Curtis Lee Debord, President, U.S. Ordnance, Inc. (USO) who is the owner and sole share holder of that organization and to Curtis Lynn Debord.[2] Mr. Curtis Lynn DeBord was previously employed, as a salaried employee of U.S.

---

[1] We have been attempting to negotiate with the U.S. Attorney in the hopes of producing a satisfactory settlement in this matter and still would like to do so. However, Mr. Mussenden had to take extended leave due to the death of his father and he requested a protracted extension to the negotiations. U.S. Ordnance continues to lose money do to the *de facto* debarment and if some resolution is not reached in the near future all potential business for 2006 will be lost.

[2] Curtis Lee DeBord is the son Curtis Lynn DeBord. Solely for purposes of clarity Mr. Curtis Lee DeBord will hereinafter be referred to as DeBord Junior and Curtis Lynn Debord will be referred to as DeBord (Senior).

Mr. David C. Trimble
February 3, 2006
Page -2-

Ordnance, Inc., however he no longer occupies that position and therefore cannot speak for, represent, negotiate or otherwise participate in any business on behalf of U.S. Ordnance, Inc.

The Department of State has alleged 35 violations of the Arms Control Export Act (ACEA) and its implementing regulations the International Traffic in Arms Regulations (ITAR) 22 CFR Subchapter M Parts 120-130. U.S. Ordnance has not violated any section of the ACEA or its regulations as discussed more fully below:

### Charges 1-3:  False Statements and Omissions of Material Facts Relating to Registration.

Charges 1-3 allege that U.S. Ordnance, Curtis Lee DeBord and Curtis Lynn DeBord violated Section 38 of the ACEA and sections 127.2 and 127.1(d) of the Regulations by failing to notify the DDTC on three separate instances that DeBord Senior had been appointed to serve as a senior officer or official of USO and that he was subject to indictment for violating the Act and by falsely stating in two letters required by Section 122.2 that no senior officer or official of U.S.O. is subject to indictment for violating the Act.

Section 122.2 of the ITAR requires a transmittal letter signed by an authorized senior officer stating whether:

> ... the intended registrant, chief executive officer, president, vice presidents, other senior officers or officials (e.g. comptroller, treasurer, general counsel) or any member of the board of directors:
>
> (I) Has ever been indicted for or convicted of violating any of the U.S. criminal statutes enumerated in §120.27 of this subchapter; ...

Although we concede that DeBord Senior was indicted for violations of criminal statutes enumerated in §120.27 his position as Marketing Manager, a salaried employee, does not elevate him to the position of "registrant, chief executive officer, president, vice president or other senior officer(s) or official(s) of U.S.O.

Mr. David C. Trimble
February 3, 2006
Page -4-

ITAR §120.1(c) concerns itself solely with the eligibility of persons "who may be granted licenses or other approvals." DeBord Senior in all of the license applications was not the person who was requesting the applications. Indeed, DeBord Senior was not listed on any of the license applications. Because DeBord Senior was not the "person" "who may be granted a license" this regulation does not apply to him.

Finally ITAR 126.7 provides that it is a violation if an "(6) An applicant, any party to the export. . . .or any person who has a significant interest in the transaction has been debarred, suspended, or otherwise is ineligible to receive an export license. . . . " Three issues are raised by this particular regulation which make this regulation inapplicable to this matter.

First, DeBord Senior was at the time of the applications the Sales and Marketing Manager for U.S.O. In this capacity he received a salary and a bonus of 5% of gross domestic and foreign sales in each year sales exceeded $1,000.000.00. Paragraph 10 of the "Draft Charging Letter" alleges that DeBord Senior was serving as a "senior officer or official." In fact Mr. DeBord Senior was not a senior officer or official he was merely a salaried employee entitled to a bonus for sales. ITAR 126.7(e) provides a definition to the term "party to the export" That term means:

> (1) The chief executive officer, president, vice-presidents, other senior officers and officials (*e.g.*, comptroller, treasurer, general counsel) and any member of the board of directors of the applicant.
> . . .

Clearly DeBord Senior does not fall into any of these definitions.

Second, this section is so vague and contradictory as to be unconstitutional. "Significant interest" is not defined by the statute or regulations. Nor does it appear that it has been interpreted by any court. The *American Heritage Dictionary of the English Language* defines "significant" as "Having or likely to have a major effect; important:" By virtue of a salary and a bonus Mr. DeBord Senior cannot be said to have a "significant" interest in the transaction.

Third, there has never been a finding that DeBord Senior was ineligible under the ITAR. ITAR §120.1(c) provides that a person who is subject to indictment for violating the Act is "generally ineligible." "Generally ineligible" is not defined by the act or regulations.

Mr. David C. Trimble
February 3, 2006
Page -5-

Not only is this section vague it inputs knowledge to the applicant (here DeBord Junior) that an employee is barred under the statute. This is a criminal statute but it has shifted the burden of proof to DeBord Junior to prove that DeBord Senior is either eligible under the Act because the indictment is not an outright bar or, even more to the point, to show that DeBord Senior was not a "... person who has a significant interest in the transaction.... "

In conclusion, there has been no violation of the AECA or the ITAR. Mr. DeBord Senior was never an officer of U.S. Ordnance or a person who had a "significant interest" in any of the transactions. The current *de facto* debarment should be lifted and the pending applications approved.

We are free to meet with you to discuss this matter at any time.

Sincerely,

Joseph R. Conte

Robert E. Sanders

Copies to:   Mr. Paul A. Mussenden, Esquire
             Mr. John F. Henault, Esquire
             Asst. U.S. Attorneys
             555 Fourth St., N.W.
             Washington, D.C. 20530

JRC/jc